IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CV-603-DCK

| | |
|---|---|
| VERONIKA MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| AIA MOVERS, LLC, LOMIDZE ALEKSADRE, ) | |
| and DIEGO BULLON VALLEJO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant AIA Movers, LLC's "Motion To Compel" (Document No. 17) filed December 28, 2021. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

### STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A).

## DISCUSSION

By the pending motion, Defendant AIA Movers, LLC ("Defendant") seeks an Order:  (1) compelling Plaintiff to fully respond to AIA Movers, LLC's First Set of Interrogatories and Request for Production of Documents;  and (2) compelling Plaintiff to appear for a deposition by oral examination.  (Document No. 17).

Defendant contends that it served its first set of discovery requests on August 24, 2021, and responses were due by September 28, 2021.  (Document No. 18, p. 2).  Defendant allowed Plaintiff's request for additional time through December 10, 2021 to provide responses.  Id. Beginning on or about November 12, 2021, Defendant's counsel also sought dates for Plaintiff's deposition, but received no response.  Id.

Although it appears counsel have engaged in some back-and-forth communications, as of the filing of the instant motion, Plaintiff had not provided discovery responses or dates she would

2

be available for a deposition. The discovery deadline in this case is currently January 31, 2022. (Document No. 15).

Plaintiff's response to the pending motion to compel was due by January 11, 2022. To date, Plaintiff has not filed any response or requested additional time to do so.

On January 24, 2022, the undersigned's staff emailed counsel for the parties seeking a status update. Counsel for Defendant, William Britt, responded that Plaintiff had provided written discovery responses on January 17, 2022, but had not yet provided any availability to be deposed.

Based on the motion and Plaintiff's failure to file a timely response, the undersigned finds good cause to grant the motion to compel and to *sua sponte* adjust certain case deadlines.

**IT IS, THEREFORE, ORDERED** that Defendant AIA Movers, LLC's "Motion To Compel" (Document No. 17) is **GRANTED**. Plaintiff shall provide complete responses to Defendant's First Set of Interrogatories and Request for Production of Documents on or before **February 2, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff shall appear for a deposition either in person or via Zoom on or before **February 10, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff shall reimburse Defendant AIA Movers, LLC for its reasonable expenses associated with preparing and filing Document Nos. 17 and 18 on or before **March 4, 2022**. Counsel are respectfully encouraged to resolve the issue of reasonable expenses without further Court intervention; however, Defendant may file an appropriate motion, if necessary, on or before **March 11, 2022**.

**IT IS FURTHER ORDERED** that the case deadlines are revised as follows: discovery completion – **February 22, 2022**; mediation report – **March 4, 2022**; dispositive motions – **March 15, 2022**.

**SO ORDERED**.

Signed: January 24, 2022

David C. Keesler
United States Magistrate Judge

4